# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 19482569**
**Date Processed: 03/12/2019**

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Depositors Insurance Company<br>Entity ID Number 0149484 |
| **Entity Served:** | Depositors Insurance Company |
| **Title of Action:** | Cangelosi Company, Inc vs. Depositors Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fort Bend County District Court, TX |
| **Case/Reference No:** | 19-DCV-260286 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/11/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Douglas E. Koger<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SERVICE FEE NOT COLLECTED BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

TO: DEPOSITORS INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701-3218

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **MARCH 06, 2019,** a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-260286** and is styled:

**CANGELOSI COMPANY, INC. V. DEPOSITORS INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**DOUGLAS E. KOGER
ATTORNEY AT LAW
24275 KATY FREEWAY SUITE 400
KATY TX 77494
346-387-7167**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 7th day of March, 2019.**

DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

By: _____
Deputy District Clerk **AUTUMN DOLNIK**
Telephone: **(281) 238-3279**

**SERVICE**

19-DCV-260286                                                                    458th Judicial District Court
Cangelosi Company, Inc. v. Depositors Insurance Company

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the _____ at \_\_\_\_\_ o'clock and executed _____ _____, on the _____, by delivering to the within named _____ _____ by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee……… **$8.00 Issuance + $80.00 Service = $88.00**

CMRRR# 9414 7266 9904 2140 9914 96

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

By:_____
Deputy District Clerk  **Autumn Dolnik**

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
              (First, Middle, Last)

_____, and my address is _____
                                                                    (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**

Citation (By Certified Mail) issued to Depositors Insurance Company on 3/7/2019.

Filed
3/6/2019 1:52 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. **19-DCV-260286**_____

| | | |
|---|---|---|
| CANGELOSI COMPANY, INC. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | OF FORT BEND COUNTY TEXAS |
| | § | Fort Bend County - 458th Judicial District Court |
| DEPOSITORS INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Cangelosi Company, Inc., plaintiff, files this Plaintiff's Original Petition complaining of Depositors Insurance Company, defendant, and would show the following:

### I.
### RULE 47 STATEMENT; LEVEL 3 CASE

1. Plaintiff seeks damages in an amount within the jurisdictional limits of this court. Plaintiff seeks only monetary relief in an amount in excess of one million dollars including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Plaintiff intends to conduct discovery under Level 3 of Rule 190, Texas Rules of Civil Procedure.

### II.
### PARTIES AND SERVICE

2. Cangelosi Company, Inc. ("Cangelosi") is a Texas corporation with its principal place of business in Fort Bend County, Texas.

3. Depositors Insurance Company ("Depositors") is foreign insurance company authorized to transact business in Texas and transacting business in Texas. Depositors may be served by serving its registered agent Corporation Service Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218.

Plaintiff's Original Petition – Page 1 of 10



III.
JURISDICTION AND VENUE

3.  Cangelosi's damages are in an amount within the jurisdictional limits of this court. This is an insurance coverage case concerning damage to property located in Fort Bend County, Texas owned by Cangelosi and insured by Depositors. The insurance policy in question was sold to Cangelosi in Fort Bend County, Texas. Accordingly, jurisdiction and venue are proper in Fort Bend County, Texas.

IV
FACTS

4.  On about August 30, 2017 Cangelosi's building at 14021 S. Gessner Rd. Missouri City, Texas 77489 (the "Cangelosi Building") suffered damage caused by wind and wind driven water. More specifically, a storm with significant amounts of rain and a tornado or tornado force winds passed over or near the Cangelosi Building. The winds knocked down trees and tree limbs, blew gutters and downspouts off the Cangelosi Building, and damaged the roof and walls of the Cangelosi Building. Rainwater entered the Cangelosi Building through the damaged roof. That water damaged ceilings, walls, floors and other portions of the building. Before the storm, the roof and walls of the Cangelosi Building did not leak, and certainly did not leak to the extent, in the manner and at the locations that it leaked during and after the August 2017 storm. At the time Cangelosi was insured for the loss under insurance policy no. ACP CPPD 3007964391 (the "Policy") issued by Depositors. Cangelosi made its claim on the Policy and provided Depositors notice of the loss on August 30, 2017. Cangelosi's covered damages are in the amount of at least $604,427.98 less the applicable deductible.

5.  Upon receipt of Cangelosi's claim Depositor's retained Wade S. Lewis to inspect the Cangelosi Building. Mr. Lewis conducted a brief inspection of the Cangelosi

Building. On October 3, 2017 Depositor's denied Cangelosi's claim contending that the damage to Cangelosi's Building, other than damage to the gutters and downspout, was excluded under the policy. Depositors contended that the damages to the roof and exterior wall were caused by earth movement; wear and tear rust or other corrosion, decay, deterioration, hidden or latent defect or quality in the property that caused it to damage or destroy itself; smog; and/or settling, cracking, shrinking or expansion. Depositors further contended that water causing the interior water damage did not enter the building as a result of the building sustaining a Covered Loss under the Policy. Based on that, Depositors contended that the interior damage was excluded under the Policy.

6. Upon receipt of Depositors' denial of the claim, Cangelosi hired a professional engineer to inspect the Cangelosi Building and render an opinion about the cause of the damages. Cangelosi's engineer determined that high winds damaged the roof and walls to the Cangelosi Building and it was that damage that permitted water to enter and damage the building interior. Cangelosi provided its engineer's report to Depositors requesting that Depositors reconsider denial of Cangelosi's insurance claim. Without further inspection of the Cangelosi Building, Depositors' engineer reported that Cangelosi's engineer was incorrect. Cangelosi provided Depositor's engineer's supplemental report to its own engineer. Cangelosi's engineer who reviewed that supplemental report, re-inspected the Cangelosi Building and supplemented its own report. Cangelosi's engineer's supplement detailed errors in Depositors' analysis and re-affirmed its original opinion that the roof to the Cangelosi Building was damaged by high winds in the August 2018 storm. Cangelosi's engineer also re-affirmed that roof damage permitted water to enter the building damaging the interior. Cangelosi provided its

engineer's supplemental report to Depositors. Depositors rejected that determination as to the cause of damages without further inspection or inquiry of Cangelosi.

7. Cangelosi made written notice of its claim and demands for payment of the debt and that Depositors fulfill its obligations under the policy. Depositors failed and refused to pay this claim. Cangelosi hired the services of the attorney whose name is subscribed to this petition to prosecute this action. Cangelosi agreed to pay for those services. Accordingly, pursuant to §38.001 Texas Civil Practice & Remedies Code, §§541.152 and 542.06 Texas Insurance Code, §17.50 Texas Business and Commerce Code and other applicable law, Cangelosi is entitled to recover the reasonable and necessary attorney's fees incurred in this action for which Cangelosi also sues.

8. All conditions precedent to this action and the remedies sought have been performed or occurred.

## V.
## CAUSES OF ACTION

### a) Breach of Contract

9. Cangelosi incorporates the allegations of paragraphs 1 through 8 as the allegations of this paragraph.

10. Depositors breached its contract, the Policy, with Cangelosi and that breach damaged Cangelosi in the amount of at least $604,427.98 less the applicable deductible. More specifically, Cangelosi purchased insurance from Depositors and acquired insurance under insurance policy no. ACP CPPD 3007964391 issued by Depositors. On about August 30, 2017 a storm damaged the Cangelosi Building. More specifically, high winds damaged the roof and walls of the Cangelosi Building. That damage allowed water to enter the building and damage ceilings, walls, floors and other portions of the building.

The damages to the Cangelosi building are covered under the Policy. They are not excluded or excepted. Cangelosi's covered damages are in the amount of at least $604,427.98 less the applicable deductible.

11. Cangelosi properly notified Depositors of the loss and otherwise complied with its obligations under the Policy. Depositors breached its obligations under the Policy and failed and refused to pay the covered loss. Depositors' breach damaged Cangelosi in the amount of at least $604,427.98 less the applicable deductible.

12. Cangelosi also seeks recovery of attorney's fees, costs and pre and post judgment interest and all other available remedies under this cause of action.

### b) Unfair Methods of Competition and Unfair or Deceptive Acts or Practices; Chapt. 541 Texas Insurance Code

13. Cangelosi incorporates the allegations of paragraphs 1 through 8 as the allegations of this paragraph.

14. Depositors committed unfair methods of competition and unfair or deceptive acts or practices in violation of Texas Insurance Code damaging Cangelosi. More specifically, the Cangelosi Building did not leak prior to the storm that occurred on about August 30, 2017. That storm damaged the Cangelosi Building and caused water to enter the building damaging ceilings, walls, floors and other portions of the building. The water and wind damage occurred during the storm and was observed for the first time immediately after the storm. Further, the storm winds were tornado winds and/or tornado force and caused significant and obvious damage to and around the Cangelosi Building including knocking down trees and tree limbs, knocking gutters and downspouts off the Cangelosi Building, and damaging the roof and walls of the Cangelosi Building. Accordingly, it was reasonably clear that the storm caused the damage.

15. Depositors however denied Cangelosi's claim contending that the damage to the Cangelosi Building was caused by earth movement; wear and tear, rust or other corrosion, decay, deterioration, hidden or latent defect or quality in the property that caused it to damage or destroy itself; smog; and/or settling, cracking, shrinking or expansion. None of those conditions, if they existed, would have resulted in the immediate water penetration and damage Cangelosi experienced for the 1st time during the August 2017 storm without the wind damage to the Cangelosi Building. Further, upon receipt of Depositors' initial denial, Cangelosi retained a professional engineer to inspect and review Depositors' findings. Cangelosi's engineer specifically rebutted each of Depositors' findings concerning the damage to the Cangelosi Building. Cangelosi provided its engineer's reports to Depositors. Depositors continued to deny Cangelosi's claim without further inspection of the Cangelosi Building or inquiry of Cangelosi concerning its claim.

16. Depositors' actions described above are unfair method of competition or an unfair or deceptive act or practice in the business of insurance in violation Chapter 541 Texas Insurance Code in the following respects:

    (a) Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to with the insurer's liability has become reasonably clear (§541.060(a)(2) Texas Insurance Code); and

    (b) Refusing to pay a claim without conducting a reasonable investigation with respect to the claim (§541.060(a)(7) Texas Insurance Code).

Depositors acts damaged Cangelosi in the amount of at least $604,427.98 less the applicable deductible under the Policy.

17. Depositors knowingly committed the acts about which Cangelosi complains. Accordingly, Cangelosi seeks additional damages in an amount not to exceed

3 times actual damages as provided for by §541.152 Texas Insurance Code. Cangelosi also seeks recovery of its attorney's fees, costs and pre and post judgment interest and all other available remedies under this cause of action.

18.     Cangelosi gave written notice of this claim to Depositors more than 60 days before filing this action.

### c) Unfair Settlement Practices; Chapt. 542 Texas Insurance Code

19.     Cangelosi incorporates the allegations of paragraphs 1 through 8 and paragraphs 14 and 15 as the allegations of this paragraph.

20.     Depositors committed unfair claims settlement practices in violation of Texas Insurance Code to Cangelosi's damage in the amount of at least $604,427.98 less the applicable deductible under the Policy. As more specifically described above, Depositors' liability under the policy was reasonably clear because:

> (a) The Cangelosi Building did not leak prior to the August 2017 storm and certainly not to the extent, in the manner, and at the locations it leaked during and following that storm;
>
> (b) The storm included a tornado and/or extremely high tornado force wind;
>
> (c) The storm winds caused obvious and significant damage in and around the Cangelosi Building including knocking down trees and tree limbs, knocking gutters and downspouts off the Cangelosi Building, and damaging the roof and walls of the Cangelosi Building;
>
> (d) None of the conditions which Depositors contends caused the damage, if they existed, would have resulted in the immediate water penetration and damage that Cangelosi experienced for the 1st time during the August 2017 storm if it were not for the wind damage caused by the storm;
>
> (e) Cangelosi's engineer specifically re-butted Depositor's reasons for denying Cangelosi's claim; and
>
> (f) Depositors continued to deny Cangelosi's without further inspection or inquiry of Cangelosi.

Depositors' denial of the claim constitutes not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear and is a prohibited unfair claims settlement practice under §542.003 Texas Insurance Code.

21. Depositors continues to refuse to pay Cangelosi's claim in violation of Chapter 542 Texas Insurance Code. In addition to the amount of its claim Cangelosi seeks interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees as provided in §542.060 Texas Insurance Code, costs, pre and post judgment interest as allowed by law, and all other available remedies under this cause of action.

22. Cangelosi gave written notice of this claim to Depositors more than 60 days before filing this action.

### d) Deceptive Trade Practices Consumer Protection Act

23. Cangelosi incorporates the allegations of paragraphs 1 through 8 and paragraphs 14 and 15 as the allegations of this paragraph.

24. Depositors' actions described above and more particularly in paragraphs 14 and 15 above are unfair method of competition or an unfair or deceptive act or practice in the business of insurance in violation Chapter 541 Texas Insurance Code in the following respects:

(a) Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to with the insurer's liability has become reasonably clear (§541.060(a)(2) Texas Insurance Code); and

(b) Refusing to pay a claim without conducting a reasonable investigation with respect to the claim (§541.060(a)(7) Texas Insurance Code).

As such they also violate the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") pursuant to §17.50(a)(4) Texas Business and Commerce Code. Depositors' acts were a producing cause of economic damages to Cangelosi in the amount of at least $604,427.98 less the applicable deductible under the Policy.

25. Depositors also acted knowingly and intentionally as defined by the DTPA. Accordingly, Cangelosi is entitled to recover an amount not more than three times its economic damages pursuant to §17.50(b)(1) Texas Business and Commerce Code for which it also sues. Cangelosi also seeks recover of its attorney's fees, costs and pre and post judgment interest and all other available remedies under this cause of action.

26. Cangelosi gave written notice of this claim to Depositors more than 60 days before filing this action.

WHEREFORE, PREMISES CONSIDERED, Cangelosi Company, Inc. respectfully prays that upon final hearing it have and recover judgment against Depositors Insurance for the following:

(a) Actual damages;
(b) Additional or exemplary damages as allowed by the Texas Insurance Code and/or the Texas Deceptive Trade Practices Consumer Protection Act;
(c) Attorney's fees;
(d) Interest as allowed by Texas Insurance Code;
(d) Costs of Court;
(e) Pre and post judgment interest as allowed by law;
(f) Such other and further relief to which it shows itself justly entitled to receive.

RESPECTFULLY SUBMITTED,

*Douglas E. Koger*
DOUGLAS E. KOGER
State Bar No. 11654950
24275 Katy Freeway, Suite 400
Katy, Texas 77494
Email: dekoger@kogerlaw.com
Telephone (346) 387-7167
Facsimile (346) 818-2075

Attorney for Plaintiff

**BEVERLEY MCGREW WALKER**

District Clerk
Fort Bend County, Texas
301 Jackson St., Room 101
Richmond, Texas 77469

Physical: 1422 Eugene Heimann Circle
Richmond, Texas 77469

**OFFICIAL BUSINESS**

Penalty for Private Use



CERTIFIED MAIL®

9414 7266 9904 2140 9914 96
RETURN RECEIPT REQUESTED




U.S. POSTAGE >> PITNEY BOWES

ZIP 77469    $ 007.10⁰
02 4W
0000364188 MAR. 08. 2019

DEPOSITORS INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E 7TH ST SUITE 620
AUSTIN, TX 78701-3218